UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GLENN MACPHERSON THOMAS,

                Plaintiff,

-against-

FEDERAL GOVERNMENT; JUDGE
EDGARDO RAMOS; MICHAEL H. SPORN,

                Defendants.

23-CV-4666 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff, who is currently incarcerated at MDC Brooklyn, brings this *pro se* action under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). He alleges that the district judge presiding over his criminal proceedings, *United States v. Thomas*, No. 12-CR-0626-5 (S.D.N.Y.), delayed for years before resentencing him. Plaintiff seeks damages and release from incarceration. By order dated June 7, 2023, the Court granted Plaintiff's request to proceed *in forma pauperis*, that is, without prepayment of fees.[1]

## STANDARD OF REVIEW

      The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(b)(1).

636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

## BACKGROUND

The following allegations are taken from Plaintiff Glenn Thomas's complaint. In August 2014, Plaintiff was "maliciously prosecuted" in criminal proceedings presided over by the Honorable Edgardo Ramos. Plaintiff made an unspecified motion, but Judge Ramos denied it on the ground that the "witness was credible."[2] (ECF 1 at 4.) Plaintiff contends that the denial of his motion violated his rights under the Eighth Amendment. During the criminal trial, Judge Ramos also (1) permitted use of a co-conspirator's out-of-court statement, allegedly in violation of Plaintiff's Sixth Amendment rights; and (2) denied Plaintiff the "right to face [his] accuser." (*Id.*)

Plaintiff contends that Michael Sporn, one of his former defense attorneys, and Judge Ramos violated Plaintiff's rights under the Due Process Clause "by not sentencing [him] for 6 years because Judge Ramos knew [Plaintiff] would win [his] appeal." (*Id.*) Plaintiff contends that he "proved actual innocence" but is "still incarcerated with insufficient means." (*Id.* at 5.) He is "waiting on the Court of Appeals to vacate this miscarriage of justice." (*Id.* at 5-6.) Plaintiff further alleges that:

> [Judge Ramos] knew he was not supposed to sentence me to the 924(c), 924(d) [on] March 19, 2021 but he did anyway after I sent the *Davis* case to him. [On] May 10, 2023, I was in front of him because the *Taylor* case vacated those counts and Judge Ramos sentenced me with the same guidelines. The evidence is undisputed. Judge Ramos seen these facts and these facts has been submitted to Chief Judge Debra Livingston. I have the right to have my appeal answered in a timely fashion by law.

---

[2] In an exhibit to the complaint, Plaintiff states that, on August 6, 2015, Judge Ramos denied his motions under Rules 29 and 33 on the ground that the evidence against Plaintiff was overwhelming and the witness testimony was credible. (ECF 1 at 8.)

(*Id.* at 5.) [3]

In an exhibit to the complaint, Plaintiff states that "on May 10, 2023, [Plaintiff] and his alleged co-conspirators were resentenced in front of Judge Ramos. Judge Ramos illegally sentenced [Plaintiff] using acquitted conduct and reduced defendant's sentence by three years to a total of 168 months."[4] (*Id.* at 8.)

Plaintiff brings this suit against attorney Michael Sporn; the Honorable Edgardo Ramos; and the "Federal Government." Plaintiff seeks "15 million and immediate release or immediate release no supervised release." (*Id.*) If further proceedings are required in the district court in his criminal case, Plaintiff also requests that a different judge preside over the matter.

Public records of Plaintiff's criminal proceedings reflect the following procedural history. On August 22, 2014, a jury found Plaintiff guilty of four of the six counts in the indictment: conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C. § 1951 (Count 1); Hobbs Act robbery, in violation of 18 U.S.C. § 1951 (Count 2); murder through the use of a firearm relating to a crime of violence, in violation of 18 U.S.C. § 924(j) (Count 4); and brandishing a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. §§ 2 and 924(c)(l)(A) (Count 5).[5] *See United States v. Thomas*, No. 1:12-CR-0626-5, 146 (S.D.N.Y. Aug. 22, 2014). On September 23, 2014, attorney Michael Sporn was appointed to represent Plaintiff in post-trial matters (ECF 250), and he filed numerous post-trial motions. Sentencing was stayed pending

---

[3] Spelling, punctuation, and grammar in quoted material is from the original unless noted.

[4] Plaintiff argues, in his attached memorandum of law directed to the Second Circuit, that he should have been resentenced to 120 months' incarceration, which would result in his immediate release for time served.

[5] Plaintiff was not found guilty of the charges in Count 3 (conspiracy to distribute or possess with intent to distribute controlled substances) and Count 6 (use of a firearm during and in relation to a drug trafficking crime). 12-CR-0626-5 (ECF 146).

3

decisions in the Second Circuit on relevant cases, *United States v. Hill*, 14-3872 (2d Cir.), and *United States v. Barrett*, 14-2641 (2d Cir.).

On March 23, 2021, Judge Ramos denied motions brought by Plaintiff and his co-defendants to set aside their convictions. *United States v. Christian*, 528 F. Supp. 3d 174, 179 (S.D.N.Y. Mar. 23, 2021); *Thomas*, 12-CR-0636-5 (ECF 469). On March 25, 2021, more than six years after the jury verdict, judgment was entered sentencing Plaintiff to a cumulative total of 204 months' imprisonment.[6] (ECF 471.) Plaintiff appealed both the judgment and the district court's March 23, 2021, order denying his motion to set aside the conviction. (ECF 472.)

Plaintiff also filed in the district court a *pro se* motion under 28 U.S.C. § 2255 to vacate his conviction (ECF 476), which the government opposed on May 4, 2021 (ECF 483). Before the district court took further action on Plaintiff's *pro se* Section 2255 motion, on November 15, 2022, the Court of Appeals for the Second Circuit issued an order on Plaintiff's direct appeal. (ECF 503.) The Second Circuit granted Plaintiff's appeal in part, vacated the conviction on counts four and five of the indictment,[7] under 18 U.S.C. § 924(c) and 924(j), and remanded the case for resentencing. The Second Circuit further held that "[j]urisdiction over the appeal will be automatically restored to this Court and assigned to an appropriate merits panel, without the need for a new notice of appeal, upon notification to the Clerk of Court within 14 days of the district court's decision on resentencing." (*Id.*)

---

[6] The 204-month sentence included concurrent terms of 120 months' imprisonment (on counts 1, 2, and 4), with three years of supervision on counts 1 and 2; and a consecutive sentence of 84 months' imprisonment on count 5, with five years of supervision on counts four and five. Counts 3 and 6 were dismissed.

[7] Count four charged Plaintiff with murder through the use of a firearm relating to a crime of violence, in violation of 18 U.S.C. § 924(j). Count five charged Plaintiff with brandishing a firearm during and in relation to a crime of violence, 18 U.S.C. §§ 2 and 924(c)(l)(A).

On May 10, 2023, Plaintiff was resentenced. Although the minutes of the May 10, 2023 resentencing are not on the docket as of the date of this order, Plaintiff states that he was resentenced to 168 months' imprisonment. 23-CV-4666 (ECF 1 at 8.)

## DISCUSSION

To state a claim for relief under *Bivens*, a plaintiff must allege facts that plausibly show that: (1) the challenged action was attributable to an officer acting under color of federal law, and (2) such conduct deprived him of a right, privilege, or immunity secured by the Constitution. *See Thomas v. Ashcroft*, 470 F.3d 491, 496 (2d Cir. 2006) (citing *Bivens*, 403 U.S. at 389). Plaintiff brings claims for damages, under *Bivens*, against Judge Ramos, defense counsel Sporn, and the "Federal Government." Plaintiff also seeks "immediate release," and the Court addresses these claims in turn.

A.   **Claims against District Judge Ramos**

Judges are absolutely immune from suit for damages for any actions taken within the scope of their judicial responsibilities. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Generally, "acts arising out of, or related to, individual cases before the judge are considered judicial in nature." *Bliven v. Hunt*, 579 F.3d 204, 210 (2d Cir. 2009). "Even allegations of bad faith or malice cannot overcome judicial immunity." *Id.* (citations omitted). This is because, "[w]ithout insulation from liability, judges would be subject to harassment and intimidation . . . ." *Young v. Selsky*, 41 F.3d 47, 51 (2d Cir. 1994). Because Plaintiff sues Judge Ramos for damages for "acts arising out of, or related to, individual cases before him," Judge Ramos is immune from suit for such claims. *Bliven*, 579 F.3d at 210. The Court therefore dismisses Plaintiff's claims against Judge Ramos

because they seek monetary relief against a defendant who is immune from such relief, 28 U.S.C. § 1915(e)(2)(B)(iii).[8]

**B.    Claims against defense counsel**

Plaintiff asserts a claim against his former defense counsel for damages for allegedly violating his constitutional rights. Whether Plaintiff's damages claim against Defendant Sporn is asserted under *Bivens* or 42 U.S.C. § 1983, in order to seek relief for violations of his constitutional rights, Plaintiff must allege facts showing that Defendant Sporn is a government actor. *See, e.g.*, *Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private parties."). Attorneys appointed to act as defense counsel in criminal proceedings are not, on the basis of that function, deemed government actors. *See Polk Cty. v. Dodson*, 454 U.S. 312, 324-25 (1981) (public defenders do not act "under color of state law" in performing their functions as counsel to indigent defendants); *Jaber v. Hanley*, No. 20-CV-7347 (LLS) (S.D.N.Y. Jan. 5, 2021) (Assistant Federal Defenders "Schacht and Shroff are private parties who cannot, for purposes of *Bivens* claims for damages, be deemed government actors when acting as his defense counsel."); *Olmeda v. Babbits*, No. 07-CV-2140 (NRB), 2008 WL 282122, at *7 (S.D.N.Y. Jan. 28, 2008) (holding that federal defender cannot be sued under Section 1983 or *Bivens*). Plaintiff thus cannot state a claim

---

[8] Plaintiff brought several prior actions seeking to compel Judge Ramos to proceed to sentencing. *Thomas v. Shroff*, No. 21-CV-0450 (LLS) (S.D.N.Y. Feb. 19, 2021); *Thomas v. Ramos*, No. 20-CV-3422 (LLS) (S.D.N.Y. May 5, 2020); *Thomas v. Federal Government*, No. 17-CV-3484 (CM) (S.D.N.Y. June 7, 2017). Because Plaintiff has now been sentenced (and resentenced), the Court does not construe this application as seeking mandamus relief against Judge Ramos, which in any event Plaintiff would have had to seek in the Court of Appeals.

against Defendant Sporn for damages, under *Bivens* or Section 1983, because he is not a government actor.[9]

### C. Claims against "Federal Government"

Plaintiff brings a claim against the "Federal Government," invoking *Bivens*. The purpose of an implied *Bivens* action for damages "is to deter individual federal officers from committing constitutional violations." *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 66 (2001). Accordingly, the only proper defendant for a *Bivens* claim is an individual federal official. *Federal Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 484-86 (1994) (holding that a *Bivens* claim does not lie against a federal agency). Defendant "Federal Government" is not an individual federal official subject to a suit for damages under *Bivens*.

Moreover, sovereign immunity generally bars federal courts from hearing suits against the United States, except where that immunity has been waived. *See United States v. Mitchell*, 445 U.S. 535, 538 (1980); *Cooke v. United States*, 918 F.3d 77, 81 (2d Cir. 2019) ("The United States, as sovereign, is immune from suit unless it waives immunity and consents to be sued."). It is a plaintiff's burden to show that Congress waived sovereign immunity with respect to his claims. *Mitchell*, 463 U.S. at 212. Plaintiff does not invoke any federal law that abrogates the sovereign immunity of the United States as a basis for his claim against the Federal Government. Plaintiff's claim for damages against the Federal Government is therefore dismissed based on sovereign immunity and for failure to state a claim under *Bivens*. 28 U.S.C. § 1915(e)(2)(B)(ii), (iii).

---

[9] Plaintiff does not explicitly bring state law claims against Defendant Sporn. Insofar as the complaint might be liberally construed as doing so, the Court declines, under 28 U.S.C. § 1367(c) to exercise supplemental jurisdiction of such state law claims because it dismisses herein the federal claims of which it had original jurisdiction.

**D.     Release from imprisonment**

Plaintiff raises numerous challenges to his conviction and sentence, and he seeks to obtain release from custody in this *Bivens* action. A claim that affects the fact or duration of confinement, however, must be brought in a petition for a writ of *habeas corpus* – not a civil rights action. *See, e.g., Wilkinson v. Dotson*, 544 U.S. 74, 78-82 (2005) (citing *Preiser v. Rodriguez*, 411 U.S. 475 (1973)) (noting that a petition for a writ of *habeas corpus* is the sole federal remedy for prisoner seeking to challenge the fact or duration of his confinement); *Jiminian v. Nash*, 245 F.3d 144, 146-47 (2d Cir. 2001) (Section 2255 "is generally the proper vehicle for a federal prisoner's challenge to his conviction and sentence.")

A district court cannot recharacterize an action brought under some other statute as a Section 2255 motion without giving notice of its intention to treat the complaint as a Section 2255 motion, and an opportunity to withdraw the complaint. *See Adams v. United States*, 155 F.3d 582 (2d Cir. 1998). Plaintiff's complaint thus cannot be treated as a Section 2255 motion challenging his May 10, 2023 judgment of conviction in *Thomas*, No. 12-CR-626-5, without giving him notice and an opportunity to withdraw it.[10]

Moreover, a criminal defendant is generally required to pursue a direct appeal before bringing a Section 2255 motion. *See United States v. Vilar*, 645 F.3d 543, 548 (2d Cir. 2011). Although there is no jurisdictional bar to adjudication of a Section 2255 motion while a direct appeal is pending, *see United States v. Outen*, 286 F.3d 622, 632 (2d Cir. 2002), district courts generally conclude that declining to do so is in the interest of judicial economy "to avoid

---

[10] Although Plaintiff previously filed a *pro se* Section 2255 motion, *Thomas v. United States*, No. 21-CV-03128 (ER) (S.D.N.Y.), that application challenged his earlier 2021 judgment and was never adjudicated on the merits. A Section 2255 motion challenging Plaintiff's 2023 judgment therefore, at this stage, would not be a successive motion requiring authorization from the court of appeals.

confusion or waste of time resulting from having the same issues before two courts at the same time," *United States v. Rodgers*, 101 F.3d 247, 251 (2d Cir. 1996) (internal quotation marks and citation omitted), and to avoid expending resources to reach a decision that could be rendered a "nullity" by the results of a direct appeal, *Outen*, 286 F.3d at 632.

The Second Circuit, in its order granting in part Plaintiff's appeal, held that "[j]urisdiction over the appeal will be automatically restored to this Court and assigned to an appropriate merits panel, without the need for a new notice of appeal, upon notification to the Clerk of Court within 14 days of the district court's decision on resentencing." Given that Plaintiff's direct appeal of his judgment of conviction is not yet final, the Court declines to recharacterize this complaint under *Bivens* as a Section 2255 motion challenging Plaintiff's conviction.

**E.     Leave to amend**

Generally, a court should not dismiss a *pro se* complaint "without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Dolan v. Connolly*, 794 F.3d 290, 295 (2d Cir. 2015) (quoting *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010) (internal quotation marks omitted)). But a court has inherent power to dismiss without leave to amend or replead in "where … the substance of the claim pleaded is frivolous on its face," *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir.1988) (citation omitted), or where amendment would otherwise be futile, *Hill v. Curcione*, 657 F. 3d 116, 123-24 (2d Cir. 2011); *see also Shapiro v. McManus*, 136 S. Ct. 450, 455-56 (2015) (holding that federal-question jurisdiction is lacking where the claims are "wholly insubstantial and frivolous," "essentially fictitious," or "obviously without merit" (internal quotation marks and citations omitted)).

Plaintiff has repeatedly brought suit for damages against his defense counsel, the district judge who presided over his criminal proceedings, and the "Federal Government." *Thomas v. Shroff*, No. 21-CV-0450 (LLS) (S.D.N.Y. Feb. 19, 2021); *Thomas v. Ramos*, No. 20-CV-3422 (LLS) (S.D.N.Y. May 5, 2020); *Thomas v. Federal Government*, No. 17-CV-3484 (CM) (S.D.N.Y. June 7, 2017). Those claims have been dismissed based on, respectively, lack of government action, judicial immunity, and sovereign immunity. Because it would be futile to grant Plaintiff leave to replead his *Bivens* claims for damages, the Court declines to do so.

Plaintiff's challenge to his judgment of conviction and sentence in 12-CR-0626-5 (ER), is dismissed without prejudice to his bringing a motion to vacate the conviction under 28 U.S.C. § 2255, if necessary, after direct review

## CONCLUSION

Plaintiff's complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). Plaintiff's challenge to his judgment of conviction and sentence in 12-CR-0626-5 (ER), is dismissed without prejudice to his bringing a motion to vacate the conviction under 28 U.S.C. § 2255.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). Judgment shall enter.

SO ORDERED.

Dated:   June 20, 2023
         New York, New York

                                          /s/ Laura Taylor Swain
                                          LAURA TAYLOR SWAIN
                                          Chief United States District Judge